IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| RICK DENNIS STROBEL,<br><br>                    Plaintiff,<br><br>vs.<br><br>SHERIFF LEO DUTTON, CAPTAIN<br>BRAGG, OFFICER BALL, and<br>LEWIS AND CLARK COUNTY,<br><br>                    Defendants. | CV-23-05-H-SEH<br><br><br>SCHEDULING<br>ORDER |

This order shall govern further proceedings in this case.

**ORDERED:**

<u>Scheduling Order</u>:  The following schedule will be observed:

| | |
|---|---|
| Preliminary pretrial statements<br>in compliance with<br>Fed. R. Civ. P. 26(a)(1)(A)(I), (ii), and (iii)<br>and L.R. 16.2(b)(1) shall be<br>filed on or before: | **<u>September 22, 2023</u>** |
| Amendments of pleadings under<br>Fed. R. Civ. P. 15  and joinder of<br>parties under Fed. R. Civ. P. 19 or 20<br>filed on or before: | **<u>October 20, 2023</u>** |

Plaintiff shall disclose, provide, and file
reports of liability and damage experts:
(1) in compliance with Fed. R. Civ. P. 26(a)(2);
and (2) in compliance with and as specified
in paragraph 7 of this Order, on or before:                  **November 17, 2023**

Defendant shall disclose, provide, and file
reports of liability and damage experts:
(1) in compliance with Fed. R. Civ. P. 26(a)(2);
and (2) in compliance with and as specified
in paragraph 7 of this Order, on or before:                  **December 15, 2023**

Plaintiff shall serve and file
Fed. R. Civ. P. 26(a)(2)(A) and (C)
disclosures of all non-retained experts in
compliance with and as specified in paragraph 8
of this Order, on or before:                                 **November 11, 2023**

Defendant shall serve and file
Fed. R. Civ. P. 26(a)(2)(A) and (C)
disclosures of all non-retained experts in
compliance with and as specified in paragraph 8
of this Order, on or before:                                 **December 15, 2023**

Any request for discovery must be served
by a date that will permit a timely response
to be provided on or before the close of
discovery date.

Discovery closes:                                            **December 15, 2023**

Discovery motions, with supporting briefs,
shall be filed no later than 10 days following
the moving party's compliance with
Fed. R. Civ. P. 26(c)(1) and 37(a)(1).

All pretrial motions, other than discovery motions,
shall be filed and fully briefed on or before:        **January 12, 2024**

An attorneys' conference to discuss the
final pretrial order preparation on or before:        **February 9, 2024**

Proposed final pretrial order on or before:        **February 23, 2024**

Absent Court order, a continuance of any deadline set by this Order does not

extend any other deadline.

Plaintiff need not serve on Defendant's counsel materials filed by Plaintiff

with this Court unless Defendant objects within 7 days of the date of this Order.

Plaintiff must, however, serve all discovery requests and other documents not filed

with the Court upon counsel by first-class mail.  Defendant must serve on Plaintiff

complete copies of all documents submitted by Defendant to the Court.

Except as otherwise authorized by order of Court, no request for extension

of any deadline set by this Order will be considered by the Court unless such

request, submitted in compliance with L.R. 7.1, is filed on or before 12:00 noon

(MT) of the day preceding the Court-established deadline for which extension is

sought.

**FURTHER ORDERED:**

1.      A party may undertake discovery upon providing the initial

disclosures required by Fed. R. Civ. P. 26(a)(1).

# INSTRUCTIONS TO THE PARTIES REGARDING FORM AND SERVICE OF DISCOVERY REQUESTS AND OF RESPONSES TO SUCH REQUESTS.

a.      Each category of discovery request, e.g. interrogatory, request for admission, request for production, etc., shall be compiled and served separately. Individual classes or categories of discovery requests shall not be combined for service with other classes or categories of requests.

b.      Defendant is granted leave to take Plaintiff's deposition. Defense counsel shall provide Plaintiff with notice of the time and place of the deposition.  Such notice shall be deemed sufficient if mailed to Plaintiff at least 15 days prior to the scheduled date for the deposition.  Disagreement by Plaintiff with any directive of security staff at the correctional facility at which the deposition is scheduled may not be asserted as grounds for refusal to answer appropriate questions.  The failure of the Plaintiff to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action.

c.      Responses to discovery: (i) shall be separated by discovery

class or category; (ii) shall not be combined for answer or response

with other classes or categories of discovery requests; and (iii) shall

be answered in a form compliant with the Federal Rules of Civil

Procedure and L.R. 26.3.

2.     The preliminary pretrial statement shall fully comply with all

requirements of Fed. R. Civ. P. 26(a)(1)(A)(i), (ii) and (iii) and shall include:

> (i) the name and, if known, the address and
> telephone number of each individual likely to have
> discoverable information–along with the subjects of that
> information–that the disclosing party may use to support
> its claims or defenses . . .;
>
> (ii) a copy–or a description by category and
> location–of all documents, electronically stored
> information, and tangible things that the disclosing party
> has in its possession, custody, or control and may use to
> support its claims or defenses . . .;
>
> (iii) a computation of each category of damages
> claimed [and of the damages claimed in each category]
> by the disclosing party [together with a statement of
> availability] . . . for inspection and copying . . . [of]
> documents or other evidentiary material . . . on which
> each computation is based, including materials bearing
> on the nature and extent of injuries suffered . . . .

Fed. R. Civ. P. 26(a)(1)(A)(i), (ii) and (iii). The preliminary pretrial statements

shall also comply with L.R. 16.2(b)(1) (A)–(M), except subpart (H), and shall

include:

(A)   a brief factual outline of the case;

(B)   the basis for federal jurisdiction and for venue in the division;

(C)   the factual basis of each claim or defense advanced by the party;

(D)   the legal theory underlying each claim or defense, including where necessary to a reasonable understanding of the claim or defense, citations to authority;

(E)   a computation of damages;

(F)   the pendency or disposition of any related state or federal litigation;

(G)   proposed additional stipulations of fact not included in the Statement of Stipulated Facts, *see* L.R. 16.2(b)(3), and the parties' understanding as to what law applies;

. . .

(I)   identification of controlling issues of law suitable for pretrial disposition;

(J)   the name and city and state of current residence of each individual known or believed to have information that may be used in proving or denying any party's claims or defenses, and a summary of that information. If known, the address and telephone number of the individual must be provided to all counsel on request;

(K)   the substance of any insurance agreement that may cover any resulting judgment;

    (L)    the status of any settlement discussions and prospects for compromise of the case; and

    (M)   suitability of special procedures.

L.R. 16.2(b)(1)(A)–(G) and (I)–(M).

Failure to file the statements in full compliance with all requirements of this Order could result, without motion, in the imposition of sanctions.

3.     Each party shall timely and promptly supplement or correct any disclosures made in the preliminary pretrial statement, under L.R. 16.2 and as ordered in paragraph 10 of this order, if the disclosure is found to be incomplete or incorrect. Such supplementation or correction shall be filed with the Court and served upon counsel of record or the party within 10 days of the date upon which the party learns that supplementation or correction is required.

4.     Initial disclosures under: (1) Fed. R. Civ. P. 26(a)(1)(A)(i) and (ii) of individuals likely to have discoverable information and supplemental disclosures under Fed. R. Civ. P. 26(e); and (2) L.R. 16.2 are to be made and filed with the Court as required by order of Court, notwithstanding other disclosures that have been or may be made known to opposing parties by any other provisions of Fed. R. Civ. P. 26(e)(1)(A). Further, supplemental disclosures: (1) of individuals likely to have discoverable information; and (2) of copies or description by category and location of all documents, electronically stored information, and tangible things

that the disclosing party has in its possession, custody or control, must be promptly filed with the Court and served upon counsel of record within ten (10) days of the date upon which the supplementing party learns that supplementation or correction is required. Persons not disclosed as required by this Order will not be permitted to testify at trial absent permission granted by order of Court. Documents and tangible things not disclosed as required by this Order may not be introduced as evidence at trial absent permission granted by order of Court.

Each party shall file, not less than 30 days before **December 15, 2023**, separate lists of all witnesses expected to be designated either as a "will call" witness or as a "may call" witness at trial. Such "will call" and "may call" witness lists may, upon motion and show of good cause, be amended or supplemented not later than 14 days before **December 15, 2023.**

5. Parties are not required to seek leave of the Court to amend pleadings under Fed. R. Civ. P. 15 or join parties under Fed. R. Civ. P. 19 or 20 prior to the amendment of pleadings and joinder of parties deadline established in paragraph 1. Further amendments of pleadings or joinder of parties other than as contemplated in paragraph 1 will not be permitted.

6. Discovery motions not submitted in compliance with this Order or L.R. 26.3(c) will be denied.

-8-

7.      "Fully briefed," as referenced in paragraph 1 above, means the brief in support of the motion and the opposing party's response brief are filed.

8.      Identification and authenticity for all written documents produced in pretrial disclosure and during the course of discovery are stipulated, except as provided in this paragraph. If a party objects to either the identification or the authenticity of a particular document produced by another party, the objecting party must make and serve a specific written objection upon all other parties within 30 days of receipt. If a document is produced and the producing party objects either to identification or authenticity, the producing party shall so state, in writing, to all other parties at the time of production. All other objections are reserved for trial.

9.      Disclosure of experts is required. Expert reports for any witness retained or specially employed to provide expert testimony, or whose duties as an employee of a party involve giving expert testimony, are required. Such reports shall comply with Fed. R. Civ. P. 26(a)(2)(B) and the requirements of this Order and are to include:

     a.      A separate statement of each opinion to be offered.

     b.      Specific identification of and source citations to facts or data considered, referenced, or relied upon by the witness in forming each

of the opinions expressed. Copies of all documents and data considered, referenced, or relied upon shall be attached as exhibits to the report when filed.

  c.  A separate statement of the bases and reasons for each of the opinions.

Expert reports are to be complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify. An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even if the expert has been deposed.

Expert reports will be required from treating physicians if testimony to be offered will include any opinions not fully expressed in the physician's medical records.

  10.  Separate written disclosures of all non-retained experts (expert witnesses not obliged to provide a Fed. R. Civ. P. 26(a)(2)(B) written report) are required. Such disclosures must address and include all information required by Fed. R. Civ. P. 26(a)(2)(A) and (C) and shall include:

  a.  A separate statement of each opinion to be offered.

  b.  Specific identification of and source citations to facts or data considered, referenced, or relied upon by the witness in forming each

of the opinions expressed. Copies of all documents and data

considered, referenced, or relied upon shall be attached as exhibits to

the written disclosure when filed.

c.      A separate statement of the bases and reasons for each of the

opinions.

Such Fed. R. Civ. P. 26(a)(2)(A) disclosures are expected to be complete,

comprehensive, accurate, and tailored to the issues on which the expert is expected

to testify. An inadequate disclosure may result in exclusion of the expert's

opinions at trial even if the expert has been deposed.

11.     Evidence intended solely to contradict or rebut expert testimony or

evidence identified by another party must be disclosed and filed within 30 days of

the other party's expert disclosure date in paragraph 1. Fed. R. Civ. P.

26(a)(2)(D)(ii).

12.     Initial reports, disclosures or depositions of experts determined to be

inaccurate or incomplete are to be corrected or completed by supplemental

disclosure filed within 30 days of the latter of: (1) the parties' expert disclosure

date specified in paragraph 1 above; or (2) the date of the expert's deposition.

13.     The final pretrial order must comply with the provisions of Fed. R.

Civ. P. 26(a)(3)(A) and L.R. 16.4. **All attached lists must be in portrait**

**orientation.**

14.     The final pretrial order supersedes all prior pleadings and may not be amended except by leave of Court.

15.     Objections to exhibits, deposition testimony, or the use of other discovery to be offered at trial (e.g. interrogatories and responses to requests for admission) shall be included within the final pretrial order and shall state specific grounds for all objections. *See* L.R. 16.4. Objections not stated are waived. *See* L.R. 16.4(b)(5). Exhibits shall be filed in compliance with paragraph 14 of this Order.

The proposed final pretrial order shall be filed. A copy shall be provided to Chambers, 901 Front Street, Suite 3100A, Helena, Montana, 59626.

No later than the date of filing of the proposed pretrial order, each party shall file and provide to Chambers:

a.     The complete transcript of each deposition, any portion of which is to be offered at trial.

b.     Complete copy sets of all interrogatories served by the party.

c.     Complete copy sets of all answers to interrogatories received from any party, if any portion of such answers are to be offered at trial.

-12-

        d.      Complete copy sets of each request for admission and of each response thereto to be offered at trial.

        e.      Complete copy sets of all requests for production served by a party and complete copy sets of all responses to requests for production, if any portion of such responses are to be offered at trial.

**All responses to discovery to be offered as evidence at trial, in order to be considered for admission as evidence at trial, must satisfy the requirements for admissibility as evidence under the Federal Rules of Evidence.**

16.    <u>Exhibits:</u>

        a.      Exhibits are to be bound in a loose-leaf binder and exchanged with opposing counsel prior to the filing of the pretrial order.

        b.      Each exhibit shall bear an extended tab showing the number of the exhibit.

        c.      Each exhibit document shall be paginated, including any attachments. Plaintiff's exhibits shall be numbered 1 up to 500. Defendant's exhibits shall be numbered 501 and up. All exhibits shall be numbered in chronological sequence. **Any exhibits from depositions to be offered at trial shall be labeled with a trial exhibit number only.**

-13-

d.     Exhibits shall not be duplicated.

e.     Exhibits shall be filed in the electronic record.

f.     The original of document exhibits shall be delivered to the Clerk of Court on or before **February 23, 2024**.

g.     A copy of exhibits shall be mailed to Chambers, 901 Front Street, Suite 3100A, Helena, Montana, 59626, on or before **February 23, 2024**.

h.     The parties are expected to use the Court's available evidence presentation technology for exhibit display.

i.     *Audio or video electronic exhibits must be in a format compatible with the evidence presentation technology. Parties may contact the Clerk's office for technical assistance.*

17.     <u>Experts:</u> Corrections or supplements to expert reports and written disclosures shall be filed in accordance with paragraphs 1, 7, 8, 9 and 10 above.

18.     If documents Defendant is required to produce include Plaintiff's "protected health information" within the scope of the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191 ("HIPAA"); 45 C.F.R. §§ 160.103 , 164.512(e)(1)(i), the custodians of such medical records are hereby authorized to release "protected health information" and "protected mental health

-14-

information" without an authorization from Plaintiff. Defendant may use such documents in the defense of this action.

19.     **Plaintiff must immediately advise the Court and opposing counsel of any change of mailing address and its effective date**.  Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and/or Local Rule 5.3(b).

DATED this 19th day of July, 2023.

SAM E. HADDON
United States District Judge